**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

NATHAN SOLLENBERGER, et al.,

Plaintiffs,

v.

GEORGE K. DAVIS, et al.,

Defendants.

CIVIL ACTION NO. 1:26-cv-01489

(SAPORITO, J.)

# ORDER

This is a diversity action arising out of a motor vehicle collision that occurred on the Pennsylvania Turnpike in Cumberland County, Pennsylvania, on October 18, 2024. One of the defendants, George K. Davis, was the driver of a tractor-trailer that struck the vehicle of plaintiff Michael Bell's decedent, Kristen Radage, causing Radage's vehicle to strike the rear of a tractor-trailer driven by plaintiff Nathan Sollenberger. Davis has been indicted on various felony, misdemeanor, and summary offense charges in connection with this incident. *See Commonwealth v. Davis*, Docket No. CP-21-CR-0000570-2025 (Cumberland Cnty. (Pa.) Ct. Com. Pl. filed Mar. 7, 2025). Trial in the state criminal matter is currently scheduled to commence on March 29, 2027.

This matter now comes before the court on the defendants' motion to stay this consolidated civil action in its entirety pending resolution of related state criminal charges against Davis. Doc. 47.

The decision to stay a case rests within the sound discretion of the district court. *Barker v. Kane*, 149 F. Supp. 3d 521, 525 (M.D. Pa. 2016). When deciding whether to stay a civil case pending resolution of a related criminal proceeding, we consider the following factors:

> (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest.

*Id.* at 525–26. Moreover, a *limited* stay of discovery is within our discretion. *See, e.g.*, *Piazza v. Young*, 403 F. Supp. 3d 421, 446 (M.D. Pa. 2019) (imposing limited stay of *some* discovery and proceedings with respect to certain—but not all—defendants).

Trial in the state criminal proceeding against Davis is imminent. Under these circumstances, we are concerned that any attempt by the other parties to this consolidated civil action to obtain oral or written discovery from Davis may implicate his Fifth Amendment rights against

self-incrimination. *See, e.g.*, *United States v. Kordel*, 397 U.S. 1, 7 (1970) (criminal defendant forfeited his right to assert Fifth Amendment privilege regarding answers given to interrogatories in a prior civil proceeding); *United States v. Bell*, 217 F.R.D, 335, 339–40 (M.D. Pa. 2003) (recognizing that, while the content of voluntarily created documents are generally not protected by the Fifth Amendment, in some circumstances it may protect against the compelled act of producing them in discovery). By contrast, we find no "particularly unique injury, such as the dissipation of assets or an attempt to gain an unfair advantage from the stay," to suggest that a stay will prejudice the plaintiffs, particularly as we intend to permit the action to proceed with respect to the other defendants. *See Barker*, 149 F. Supp. 3d at 528. Meanwhile, we find that the coextensive interests of the court and the public in the efficient resolution of litigation militate in favor of a stay, and the public's interest in deterring abuses of civil rights through civil litigation will not be substantially impaired by a *partial* stay. *See id.* at 529.

Under the circumstances of this case, having considered each of the several *Barker* factors, we find a partial stay of litigation in this case—limited to the defendant facing related state-court criminal charges—is

appropriate and fair to both sides. All proceedings, including discovery, involving defendant George K. Davis personally shall be stayed pending disposition of the state-court criminal proceeding against him.[1] For the duration of this partial stay, Davis alone shall be relieved from any obligation to respond to any subpoena, notice of deposition, written discovery request, or motion papers served by another party in this case, with the exception of any motion papers concerning the modification or lifting of this stay. The defendants will be directed to provide written notice of the status of Davis's criminal proceeding following his current trial date and every three months thereafter until the stay is lifted.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The defendants' motion to stay (Doc. 47) is **GRANTED in part and DENIED in part**—the motion is **GRANTED** with respect to defendant Davis personally and **DENIED** with respect to all other defendants;

2. All proceedings, including discovery, involving defendant **George K. Davis** personally, shall be **STAYED** pending final disposition

[1] To be clear, discovery concerning Davis but directed to *other* parties is not stayed by this order.

of the related state-court criminal proceeding against him—*Commonwealth v. Davis*, Docket No. CP-21-CR-0000570-2025 (Cumberland Cnty. (Pa.) Ct. Com. Pl. filed Mar. 7, 2025);

3. Proceedings with respect to all other defendants will *not* be stayed;

4. For the duration of this partial stay, defendant Davis is relieved from any obligation to respond to any subpoena, notice of deposition, written discovery request, or motion papers served by another party in this case, with the exception of any motion papers concerning the modification or lifting of this stay;

5. This partial stay shall continue in effect until the entry of final judgment in the related state criminal proceeding against Davis, or until further order in this case, whichever occurs first;

6. On or before **April 1, 2027**, and **every three months thereafter**, the defendants shall file written notice of the status of the state criminal proceeding against defendant Davis.

Dated: November 18, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge